IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COURTNEY CATES, BRIAN STOVER, and JASON MILLER, on behalf of themselves and all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. 3:16-cv-00008 JUDGE TRAUGER |
| CRYSTAL CLEAR TECHNOLOGIES LLC; CARBINE & ASSOCIATES LLC; HOOD DEVELOPMENT, LLC; TOLLGATE VILLAGE ASSOCIATION INC.; BRIDGEMORE VILLAGE OWNERS' ASSOCIATION INC.; CANTERBURY HOMEOWNERS ASSOCIATION INC.; and DIRECTV, LLC, ) ) ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CANTERBURY
HOMEOWNERS ASSOCIATION INC.'S MOTION TO DISMISS**

Defendant Canterbury Homeowners' Association (Canterbury POA) files the following memorandum of law in support if its Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and states as follows:

**INTRODUCTION AND SUMMARY OF ARGUMENT**

This litigation arises from Plaintiffs' displeasure with their current telecommunication service provider, Defendant Crystal Clear Technologies LLC (Crystal Clear). Plaintiffs have attempted to convert these run-of-the mill service complaints into a class action lawsuit under the Sherman Act, an Order from the FCC, and various state law claims. These claims, however, are legally deficient and fail to state a claim for relief against Canterbury POA.

For reasons similar to those advanced by Defendant Crystal Clear (Crystal Clear) and Defendant Carbine & Associates (Carbine) in their Motion to Dismiss the Amended Complaint, and by Defendants Tollgate Village Association (Tollgate) and Bridgemore Village owner's Association (Bridgemore) in their Motion to Dismiss, Plaintiffs have not stated a claim upon which relief may be granted. For the sake of efficiency, Canterbury POA, under Rule 10(c) of the Federal Rules of Civil Procedure, adopts by reference each of these arguments in support of its request for the dismissal of Counts I-VI of the Amended Complaint and submits this Memorandum of Law in further support of its Motion to Dismiss.

The arguments advanced by Carbine, Crystal Clear, Tollgate and Bridgemore apply with even greater force with respect to Canterbury POA. Plaintiffs seem to allege that DirecTV, Crystal Clear and Carbine which controls Tollgate and Bridgemore are liable under each of the six alleged counts. Apparently the POAs, Tollgate and Bridgemore, are liable to Plaintiffs because they are controlled by Carbine. Canterbury POA agrees with the arguments advanced by the co-Defendant POAs and assets that Plaintiffs argument against Canterbury fails for the additional reason that Plaintiffs do not allege that

- Crystal Clear or DirectTV own or controls Hood or Canterbury
- Carbine, Tollgate or Bridgemore owns or controls Hood or Canterbury POA.

**STATEMENT OF FACTS**

The Canterbury POA adopts and incorporates by reference the Statement of Facts contained in Defendants Carbine and Crystal Clear's Memorandum of Law in Support of their Motion to Dismiss. (*See* D.E. 53). Plaintiffs allege the following facts that relate to the claims filed against Canterbury:

2

Plaintiff Courtney Cates is a resident of the Canterbury neighborhood and purchased her home in that neighborhood in November 2014. (Am. Compl. at ¶ 9). Plaintiff Cates alleges that Defendant Hood Development LLC (Hood) is the developer for the Canterbury neighborhood and controls the Canterbury POA. (*Id.* at ¶ 16). The Canterbury POA is a Tennessee non-profit corporation. (*Id.* at ¶ 17).

Plaintiffs allege "upon information and belief" that the Canterbury POA, under the direction of Hood, executed a Communication Service Agreement ("CSA") with Defendant Crystal Clear Technologies. (*Id.* ¶ 49-52). The alleged Canterbury CSA, however, was not attached to either the initial or Amended Complaint. (*Id.* at ¶ 48). Under this purported CSA, Plaintiffs posit that Crystal Clear enjoys the exclusive right to provide telecommunication services to the residents of the Canterbury neighborhood. (*Id.* at ¶ 61).

Again, alleging "upon information and belief", Plaintiffs claim that Defendant Hood directed the Canterbury POA to execute the CSA because Defendant Crystal Clear entered into a side deal with Defendant Hood that would profit Hood. (*Id.* at ¶ 51). Without any factual support or supporting documentation, Plaintiffs allege that Crystal Clear agreed to pay Defendant Hood in return for Hood's promise to have the Canterbury POA enter into the services agreement with Crystal Clear. (*Id.*) This alleged agreement between Crystal Clear and Hood is not attached to the Amended Complaint. According to Plaintiffs, they have been stymied in their efforts to obtain that document.

## STANDARD OF REVIEW

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh,* 487

F.3d 471, 476 (6th Cir. 2007). The court must decide whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002).

The plaintiff's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). To establish the "facial plausibility," the plaintiff cannot rely on "legal conclusions" or "[threadbare] recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Claybrooks v. Am. Broad. Companies, Inc.*, 898 F. Supp. 2d 986, 991 (M.D. Tenn. 2012).

Here, Plaintiffs' allegations fail to sustain this burden for each of their claims against the Canterbury POA. Indeed, it is unclear why the Canterbury POA is a party at all in this litigation, as Plaintiffs' claims are directed at other Defendants in this litigation, not the Canterbury POA. Thus, as further explained in the following memorandum, Canterbury POA requests that the Court grant its Motion to Dismiss.

**ARGUMENT**

**I. THE COURT SHOULD DISMISS PLAINTIFFS' SHERMAN ANTITRUST CLAIMS (COUNTS I AND II) BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED.**

Although Plaintiffs have filed an Amended Complaint, the allegations in the Amended Complaint do not cure Plaintiffs' legally deficient antitrust claims under §1 of the Sherman Act. Specifically, Plaintiffs' Complaint fails to allege a tying claim (Count I) and market allocation claim (Count II) under §1 of the Sherman Act.

4

In support of its Motion to Dismiss, Canterbury POA adopts and incorporates by reference the arguments set forth in Defendants Carbine and Crystal Clear's Memorandum of Law in Support of their Combined Motion to Dismiss under Rule 10(c) of the Federal Rules of Civil Procedure. (*See* D.E. 53). Canterbury POA also adopts and incorporates by reference the arguments set forth by Defendants Tollgate and Bridgemore in their Memorandum of Law in Support of their Motion to Dismiss under Rule 10(c) of the Federal Rules of Civil Procedure. (*See* D.E. 57).

Further, the Court should dismiss the tying claim against the Canterbury POA because it is not the seller of any products or services at issue in this litigation. A tying arrangement is an agreement by a party to sell one product but only on the condition that the buyer also purchases a different (or tied) product. *PSI Repair Servs., Inc. v. Honeywell, Inc*., 104 F.3d 811, 815 (6th Cir. 1997). Here, Plaintiffs fail to allege that Canterbury POA sold any products (such as homes or the telecommunication services) to Plaintiffs. Rather, Plaintiffs purportedly purchased the real estate from other parties. Consequently, Plaintiffs' tying claim against Canterbury POA must fail as it was not the seller of any products.

Similarly, the unlawful market allocation claim in Count II also fails. To sustain a market allocation claim, Plaintiffs must allege that Canterbury POA is a direct competitor with Crystal Clear or DirecTV. *See Expert Masonry, Inc. v. Boone Co., Ky*., 440F.3d 336, 344 (6th Cir. 2006) (stating that a horizontal market claim under the Sherman Act requires actions from direct market competitors). Here, Plaintiffs in contradictory fashion seem to allege that Defendant Crystal Clear and Defendant DirecTV have allegedly violated the Sherman Act by entering into an improper market allocation agreement despite the fact that Crystal Clear is not actually a provider of such services. (See Am. Compl. at ¶ 97). Canterbury POA is, at best, a consumer of

5

services being provided by Crystal Clear and DirecTV, and not a competitor. As such, the horizontal market allocation claim fails as a matter of law since Canterbury POA is alleged to be only a consumer of services provided by these entities and not a market competitor with them.

Thus, for all of these reasons stated, Defendant Canterbury POA requests that the Court dismiss Plaintiffs' claims under §1 of the Sherman Act at Count I and Count II of the Amended Complaint.

## II. PLAINTIFFS' CLAIM FOR SELF-DEALING (COUNT III) FAILS AS A MATTER OF LAW.

Plaintiffs' claim for self-dealing in their Amended Complaint likewise remains deficient. Under Rule 10 (c) of the Federal Rules of Civil Procedure, Canterbury POA adopts by reference the arguments previously asserted by Defendants Crystal Clear and Carbine in their memorandum of law in support of their Combined Motion to Dismiss. (*See* D.E. 53). Canterbury POA also adopts and incorporates by reference the arguments set forth by Defendants Tollgate and Bridgemore in their Memorandum of Law in Support of their Motion to Dismiss under Rule 10(c) of the Federal Rules of Civil Procedure. (*See* D.E. 57).

Further, even if the Court was to construe the self-dealing claim as a valid claim, this claim should still fail. First, the Plaintiffs' Complaint fails to allege any factual basis that Hood and the Canterbury POA executed an agreement that would violate any fiduciary duty. Following *Twombly,* Plaintiffs cannot merely rely on "upon information and belief" pleading to satisfy their pleading requirements. *Twombly*, 550 U.S. at 555. Actual facts must be pleaded. *Iqbal*, 129 S. Ct. at 1954. Here, however, Plaintiffs' allegations rely only upon information and belief, and aside from these conclusory allegations, there is no factual support for this claim.

Unlike the claims against the other Defendants, in which Plaintiffs rely on the actual agreement to support their claims, Plaintiffs acknowledge that they do not possess the purported

6

Canterbury CSA. Without any factual support, Plaintiffs merely assert "upon information and belief" that there is such an agreement, and it is similar to the other agreements. Such conjecture, however, cannot be construed as a factual allegation. Consequently, Plaintiffs' entire self-dealing claim against Canterbury POA is premised solely on bald conclusions without any factual support, and thus, should be dismissed.

Second, the Court should dismiss Count III because even if Plaintiffs have stated a claim, it is a derivative claim, and Plaintiffs have failed to satisfy the presentation and pleading requirements to pursue such a claim. A shareholder in a corporation can only file a direct claim when the shareholder suffers a unique, individual injury. *Hadden v. City of Gatlinburg*, 746 S.W.2d 687, 689 (Tenn. 1988). However, if the shareholder's injury is the same injury that was also sustained by the other shareholders, it is not a direct claim and can only be pursued as a derivative claim. *Id.* Here, Plaintiffs' claims are derivative claims as they complain about an assessment for telecommunication services that each homeowner must pay.

Thus, if Plaintiffs wish to proceed with these claims, they must satisfy the legal obligations to file a derivative claim. Specifically, Plaintiffs have failed to satisfy these obligations that are set forth in Tenn. Code § 48-56-401 and Fed. R. Civ. P 23.1. Plaintiffs fail to allege any facts that they made a demand on Canterbury POA to pursue this claim; they have failed to allege any facts excusing the demand requirement; and they have failed to comply with the pleading obligations of Fed. R. Civ. 23.1. Therefore, Canterbury POA requests that the Court dismiss Plaintiffs' self-dealing claim for these reasons.

## III. PLAINTIFFS CLAIM FOR DECLARATORY ACTION THAT THE COMMUNICATION SERVICE AGREEMENT BETWEEN CANTERBURY POA AND CRYSTAL CLEAR VIOLATES THE FCC EXCLUSIVITY ORDER, 47 U.S.C. § 458 (COUNT IV) FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Plaintiffs' Amended Complaint fails to state a claim for relief under the FCC 2007 Exclusivity Order. Under Rule 10(c) of the Federal Rules of Civil Procedure, Canterbury POA adopts by reference the arguments previously asserted by Defendant Crystal Clear and Defendant Carbine. (*See* D.E. 53)

## IV. THE COURT SHOULD DISMISS PLAINTIFFS' UNJUST ENRICHMENT CLAIM (COUNT V) BECAUSE PLAINTIFFS FAIL TO ALLEGE ANY BENEFIT CONFERRED UPON CANTERBURY POA.

Under Rule 10(c) of the Federal Rules of Civil Procedure, Canterbury POA adopts by reference the arguments previously asserted by Defendants Crystal Clear and Carbine seeking dismissal of Plaintiffs' unjust enrichment claim. (*See* D.E. 53). Canterbury POA also adopts and incorporates by reference the arguments set forth by Defendants Tollgate and Bridgemore in their Memorandum of Law in Support of their Motion to Dismiss under Rule 10(c) of the Federal Rules of Civil Procedure. (*See* D.E. 57).

Further, the Court should dismiss Plaintiffs' unjust enrichment claims because Canterbury POA did not receive any benefit arising out of the alleged CSA with Crystal Clear. It is rudimentary that to establish an unjust enrichment claim that (1) a benefit must be conferred upon the defendant by the plaintiff; (2) the defendant appreciated or received that benefit and (3) the defendant's acceptance of such benefit would be inequitable without additional payment of the value thereof. *Freeman Indus., LLC v. Eastman Chem. Co*., 172 S.W.3d 512, 525 (Tenn. 2005).

8

Here, Plaintiffs allege that they conferred an economic benefit to Defendant Crystal Clear for telecommunication services. Plaintiffs never allege that they conferred any benefit upon Canterbury POA. *See* Am. Compl. at ¶67. Consequently, Plaintiffs' allegations are devoid of any fact that demonstrates any benefit was conferred to Canterbury POA. And, therefore, Plaintiffs' unjust enrichment claim lacks an essential factual predicate and should be dismissed.

## V. THE COURT SHOULD DISMISS PLAINTIFFS' UNCONSCIONABILITY CLAIM (COUNT VI) BECAUSE PLAINTIFFS FAIL TO ALLEGE SUFFICIENT FACTS TO SUPPORT THIS CLAIM.

Under Rule 10(c) of the Federal Rules of Civil Procedure, Canterbury POA adopts by reference the arguments previously asserted by Defendants Crystal Clear and Carbine seeking dismissal of Plaintiffs' claim for unconscionability. (*See* D.E. 53).

Further, as discussed earlier, Plaintiffs only rely on "upon information and belief" allegations that a Canterbury CSA exists. Plaintiffs do not allege any actual facts to support that allegation, nor do Plaintiffs offer the alleged agreement as an exhibit to their Amended Complaint. Plaintiffs' obligations under *Twombly* are more than mere reliance on an "upon information and belief pleading." Nonetheless, in this matter, Plaintiffs' allegations rest solely on these unfounded and unsupported conclusory allegations. Thus, for these reasons, Canterbury POA requests that the Court dismiss Count VI of the Amended Complaint.

## CONCLUSION

Plaintiffs' First Amended Class Action Complaint does not state a plausible claim for relief. The Canterbury POA, thus, respectfully requests that this Court dismiss that Complaint under Rule 12(b)(6), and submit that, under the circumstances, the dismissal should be with prejudice.

Respectfully submitted,

ADAMS AND REESE LLP

By: /s/ Rocklan W. King III
Rocklan W. King III (No. 30643)
424 Church Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 259-1450
Facsimile: (615) 259-1470
rocky.king@arlaw.com

Cannon F. Allen, Sr. (No. 12548)
6075 Poplar Avenue, Suite 700
Memphis, TN 38119
Telephone: (901) 525-3234
Facsimile: (901) 524-5419
cannon.allen@arlaw.com

*Attorneys for Canterbury Homeowners Association Inc.*

10

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing has been served via the Court's ECF system this 14th day of March, 2016, upon the following:

J. Gerard Stranch, IV
Benjamin A. Gastel
D. Alexander Fardon
Craig V. Gabbert, Jr.
H3GM

R. Dale Grimes
Virginia M. Yetter
Bass, Berry & Sims PLC

H. Rowan Leathers, III
Valerie Leigh Diden Moore
Butler Snow LLP

Archis A. Parasharami
Mark W. Ryan
Mayer Brown LLP

Parties may also access this filing through the Court's ECF system.

/s/ Rocklan W. King III

11