UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| COURTNEY CATES, and others, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | No. 3:16-cv-00008 |
| ) | |
| CRYSTAL CLEAR TECHNOLOGIES, LLC, ) | Judge Trauger |
| and others, ) | |
| ) | |
| Defendants. ) | |

## REPLY MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS
## BY CRYSTAL CLEAR TECHNOLOGIES, LLC AND CARBINE & ASSOCIATES, LLC

Crystal Clear and Carbine & Associates respectfully make these four points in reply to certain assertions plaintiffs make in that portion of their omnibus response (Dkt. 77) that relates to Count I of the First Amended Complaint (unlawful tying under Section 1 of the Sherman Act).

• Plaintiffs rely on Powers v. Nassau Dev. Corp., 753 F.2d 457 (5th Cir. 1985). Plaintiffs assert that the Powers Court "wasted little time finding the agreement illegal, and held '[w]ithout substantial dispute, this anti-competition agreement was illegal insofar as it compelled [] tenants or grantees to buy the services exclusively from [the Utility Company].'" (Dkt. 77 p. 11 (quoting from Powers, 753 F.2d at 459)). But the Powers Court in a subsequent opinion made clear that it in fact had *not* found the agreement at issue to be illegal.

> In their suggestions for rehearing, the defendants-appellees note, inter alia, that in Part I of the panel opinion the statement that the anti-competition agreement was illegal "[w]ithout substantial dispute" is subject to the interpretation that the panel held that the agreement was an illegal tying arrangement as a matter of law. We did not intend to so hold. In the context of ruling on the propriety of summary judgment, out intent was to state only that, *for purposes of a motion for summary judgment*, disputed material issues of material fact (most favorably construed, as required, in favor of the motion's opponent) without substantial dispute permitted the inference of such illegality. The original panel opinion, 753 F.2d 457, is clarified to this extent.

1

Powers v. Nassau Dev. Corp., 756 F.2d 1084, 1085 (5th Cir. 1985) (emphasis in original).[1]

- Plaintiffs rely on Daleure v. Kentucky, 119 F. Supp. 2d 683 (W.D. Ky. 2000). The Court in that case expressed "deep concerns" about the viability of the Daleure plaintiffs' argument that each jail is its own relevant geographic market for purposes of telephone service, but did allow the plaintiffs to survive a motion to dismiss due to the fact that inmates, being subject to involuntary confinement, "are not normal consumers." Id. at 693, 694. The three named plaintiffs in this case are not in jail. Plaintiffs chose to live in these planned residential developments, as opposed to all the other locations available to them in this area (see Dkt. 8 p. 12 at n. 8; Dkt. 53 pp. 8-9 & p. 12 n. 7).[2]

- Plaintiffs rely on Glaberson v. Comcast Corp., 2006 WL 2559479, No. 03-6604 (E.D. Penn. Aug. 31, 2006) (holding that the plaintiffs had adequately alleged geographic markets consisting of the greater Chicago and Philadelphia areas) and Heerwagen v. Clear Channel Communications, 435 F.3d 219 (2nd Cir. 2006) (rejecting plaintiff's claim that the relevant market for concert tickets is national). Whatever negligible relevance these cases might otherwise have, they are not tying cases. Michigan Division-Monument Builders of North America v. Michigan Cemetery Ass'n, 524 F.3d 726 (6th Cir. 2008) is a tying case, and it is binding precedent (see Dkt. 53 pp. 5-9).

- Plaintiffs argue this Court should discard Michigan Monuments because that was a "competitor" case, while this is a "consumer" case. Plaintiffs then suggest that courts define

---

[1] The issue before the Powers Court in any event was not the legality of the agreement at issue, but whether the district court had properly granted summary judgment on the basis that the suit was time-barred. See Powers, 753 F.2d at 458.

[2] Plaintiffs say that the bulk-billing arrangement at issue is an "unreasonable" arrangement that "no rational[] consumer would agree to" (Dkt. 77 p. 8). Yet plaintiffs themselves were on notice of the arrangement when they chose to live in these developments (see Dkt. 8 p. 12 at n. 8; Dkt. 53 p. 12 at n. 8).

2

relevant markets differently depending on whether the plaintiff in a given case is a competitor or a consumer.  The notion that antitrust law varies from case to case depending on the identity of the plaintiff does not make sense, and the authorities plaintiffs cite do not support that notion.

As for the other assertions and arguments plaintiffs make in their omnibus response, Crystal Clear and Carbine & Associates respectfully rely on the original memorandum in support of their motion to dismiss (Dkt. 53).  Plaintiffs' First Amended Class Action Complaint does not state a plausible claim for relief and should be dismissed with prejudice.


Respectfully submitted,


s/ D. Alexander Fardon
D. Alexander Fardon, Attorney at Law
P.O. Box 198528
Nashville, TN  37219
Telephone: 615-517-5680
Email: alexfardon@comcast.net

*Co-counsel for Crystal Clear Technologies, LLC and Carbine & Associates, LLC*

s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN  37201
(615) 742-6200
cgabbert@bassberry.com

*Co-counsel for Crystal Clear Technologies, LLC and Carbine & Associates, LLC*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this filing has been served upon the following Filing Users through the Court's Electronic Filing System on this 31st day of March, 2016:

J. Gerard Stranch, IV (gerards@BSJFirm.com)
Benjamin A. Gastel (beng@BSJFirm.com)
Branstetter, Stranch & Jennings PLLC
227 Second Avenue North, Fourth Floor
Nashville, TN 37201-1631

Christopher E. Thorsen (cthorsen@babc.com)
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN 37203-0025

H. Rowan Leathers, III
(rowan.leathers@butlersnow.com)
Valerie Leigh Diden Moore
(valerie.moore@butlersnow.com)
Butler Snow LLP
150 Third Avenue South, Suite 1600
Nashville, TN 37201

Tricia T. Olson (tricia.olson@arlaw.com)
Rocklan W. King, III (rocky.king@arlaw.com)
Adams and Reese LLP
424 Church Street, Suite 2700
Nashville, TN 37219-0058

Cannon F. Allen (cannon.allen@arlaw.com)
Adams and Reese LLP
6075 Poplar Avenue, Suite 700
Memphis, TN 38119

Archis A. Parasharami
(aparasharami@Mayerbrown.com)
Mark W. Ryan (mryan@mayerbrown.com)
Mayer Brown LLP
1999 K Street, NW
Washington, DC 20006

Robert Dale Grimes (dgrimes@bassberry.com)
Virginia M. Yetter (vyetter@bassberry.com)
Bass Berry & Sims
150 Third Avenue South, Suite 2800
Nashville, TN 37201

s/ D. Alexander Fardon